**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30216 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00095-MO-1 |
| v. | |
| ANDREW FRANKLIN KOWALCZYK, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted June 5, 2024
Portland, Oregon

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.

Andrew Kowalczyk (Kowalczyk) appeals his conviction for nine counts of

sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a), 2251(e), and

2253. Kowalczyk challenges the district court's denial of his motions to suppress

evidence discovered during the searches of his luggage and his storage unit. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"We review de novo motions to suppress, and any factual findings made at the suppression hearing for clear error." *United States v. Sapalasan*, 97 F.4th 657, 659-60 (9th Cir. 2024) (citation omitted).

**1.** The district court did not err in denying Kowalczyk's motion to suppress evidence discovered during the search of his luggage.[1] Contrary to Kowalczyk's contention, federal law governs our application of the inevitable discovery doctrine. *See United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000) ("The general rule . . . is that evidence will only be excluded in federal court when it violates federal protections . . . and not in cases where it is tainted solely under state law.") (citations omitted). Under federal law, an inventory search must comply with "the official procedures of the relevant state or local police department." *Id*. (citation omitted).

Officers Kleffman and Pihl, and Detective Visnaw testified that standard procedure of the Puyallup Police Department included inventorying the contents of any bag and checking for "contraband, valuables, and weapons." The officers reasonably believed that Kowalczyk's luggage contained a firearm. They had been informed that Kowalczyk had an "armed and dangerous warrant" from Oregon,

---

[1] Because we conclude that the evidence would have been inevitably discovered during the officers' inventory search, we need not address the search made incident to Kowalczyk's arrest. *See United States v. Ruckes*, 586 F.3d 713, 719 (9th Cir. 2009) (explaining that "a lawful alternative justification for discovering the evidence" can save an otherwise unlawful search).

and that he had previously possessed a handgun. Therefore, the officers' inventory search complied with the Puyallup Police Department's standardized policies and practices, *see Cormier*, 220 F.3d at 1111, and the inevitable discovery doctrine "permit[ted] the government to rely on evidence that ultimately would have been discovered." *Ruckes*, 586 F.3d at 718 (citation omitted). The district court correctly denied the motion to suppress. *See id*. at 719 ("[T]he deterrent rationale for the exclusionary rule is not applicable where the evidence would have ultimately been discovered during a police inventory . . .").

**2.** The district court did not erroneously deny Kowalczyk's motion to suppress evidence found during the search of his storage unit. Kowalczyk argues that the two-month delay between seizure of the storage unit and issuance of a search warrant was unreasonable. However, any error in admitting the evidence discovered during the search of the storage unit was harmless given the amount of other evidence that supported Kowalczyk's conviction. *See United States v. Obendorf*, 894 F.3d 1094, 1098 (9th Cir. 2018) (noting that "we will affirm" the district court's evidentiary ruling "unless the erroneous evidentiary ruling more likely than not affected the verdict") (citation and internal quotation marks omitted).

**AFFIRMED.**

3